(Decided March 6th, 1861.)

# MEYER STEIGERWALD *vs.* THOMAS WINANS, and others.

No appeal lies, under section 25, Art. 5, of the Code, from an order refusing an injunction, in a case where such order was passed *after* answer filed and evidence taken by consent in the cause.

A complainant has the right to demand a decision on his bill, and, if the judge refuses the injunction asked for, to appeal directly to this court, but if he elects to postpone his appeal till proof is taken, and the cause decided on it, his right of appeal is gone, under this section of the Code; in such a case, no appeal lies till final hearing.

Though the Act of 1835, ch. 380, is no longer in force, yet, *by consent,* proof may be taken, before any one agreed upon, to be used at the hearing in cases of injunction.

APPEAL from the Circuit Court for Baltimore City.

In this case, a bill was filed by the appellant against the appellees, for an injunction to restrain them from proceeding to open, grade and pave a certain street, with a view of laying down railway tracks.

Instead of granting or refusing the injunction, on the *ex-parte* application, the court (KREBS, J.) appointed a day for the hearing of the motion, and the defendants' answer being immediately filed, testimony was taken on both sides, by consent, before one of the regular commissioners. When the motion came up for argument, it was fully argued in December 1860, upon bill, answer, exhibits, testimony, and all the papers then in the cause, and in January 1861, the court

Steigerwald *vs.* Winans, *et al.*

refused the injunction, and filed its opinion, and from such refusal the complainant appealed, and all the original papers in the cause were brought up to this court.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Cornelius McLean* and *Orville Horwitz*, for the appellant:

It is submitted that the Code, by sec. 25, Art. 5, provides that, "in *all* cases," where a judge refuses to grant an injunction "the party applying for the injunction *shall have a right to appeal*," &c., and to have his said appeal heard *immediately*. Now it is insisted, that if the view taken on the other side be correct, viz: that the filing of an answer on the part of the defendants, had advanced this case so far that the court cannot now look at the appeal, *then* the party applying for an injunction will not have "in all cases," the right of appeal, but only in those cases in which an answer should not be filed, before the passage of the order refusing the injunction. It will at once be seen that this right of appeal from the order refusing the injunction might easily be taken from the party applying for it, by the activity of the defendant in filing an answer, before the court should deliver its opinion, or pass its order, and the right of appeal would depend *on a race of diligence* between the defendant in swearing away the equities of the bill, and the judge in decid- ing to refuse the injunction. It could not have been design- ed that the right of appeal provided for "in *all* cases," should depend on any such accident. That the right of appeal is not lost by a privilege granted to the defendant, or by his ac- tivity in filing an answer, must be clear. How then is the appeal to be considered? A strict and very technical con- struction might limit this court to an investigation of the bill and exhibits alone. Justice, the manifest intent of the Legislature, and the establishment of an intelligent and de- sirable practice, would induce a different construction. The court would determine that the word *"comprising,"* does not mean to limit the court's inquiries to those papers

alone, but means to exclude the idea that the *"exhibits"* were to be omitted. By this construction a reasonable interpretation of the section would be given and the objects of the law accomplished. The word itself signifies "to include," but not of necessity to include *only.*

John H. B. Latrobe, for the appellees:

This appeal is taken under Art. 5, sec. 25, of the Code. But this would seem to provide for but one case:—that is, when the only papers before the court below were the bill or petition and exhibits; *for these are the only papers which the clerk is required to send up.* It is well established, however, in Maryland, that the defendant may file his answer, if he has the opportunity, cotemporaneously with the bill; and the action of the court below must be upon both bill and answer. 1 *Bland,* 183, McMechen *vs.* Story. 3 *Bland* 532, *Hall vs. McPherson.* 15 *Md. Rep.,* 23, *Bell vs. Purvis et al.* In the last case the Court of Appeals reversed the court below, because the answer, which came up with the bill, and which had been filed before the court passed its order, swore away the equity, and should have been acted upon by it. But this was a case prior to the Code, and a case in which, doubtless, in accordance with the practice referred to in 1*st* and 3*rd Bland,* the answer went up along with the bill under the provisions of the then Acts of Assembly. The Code being the substitute for all such previous legislation, the question now is, whether an answer having been filed, in accordance with the practice of courts of equity, it is not too late for the complainant to exercise the right of appeal given by the Code, relating as this would seem to do to those cases only in which the bill and exhibits alone have been submitted to the court below.

But admitting, *argumenti gratia,* that the bill necessarily brought up the answer, and that the two are now before the court, the question arises, did it bring up any thing else? did it bring up to the consideration of this court the testimony which, in point of fact, accompanies it? Now the right to take testimony in support of the allegations of the bill, in in-

junction cases, no longer exists. The Act of 1835, ch. 380, which at one time gave it, is not in the Code. The case presents itself, therefore, as it would have done prior to this Act, on bill and answer only; unless, indeed, the consent of parties may make the testimony available at this time. But it is respectfully submitted that, while the consent of parties might make the testimony available at the final hearing, hereafter, as part of that which had been collected in the progress of the cause, yet the fact that it has been taken, carries forward the case to a point at which no appeal is authorised by law, as it now stands. Should this court, however, hold the appeal to be properly taken, the question still presents itself, as to what is before the court? If the bill and answer are alone before it, the court will see that the answer completely swears away the equity. Should the court, however, under the circumstances, determine that all the papers which have been sent up are propeily before it, then the whole matter will be open.

*Note:*—The argument upon the merits of the case is omitted.

Le Grand, C. J., delivered the opinion of this court.

This appeal has been brought before the court under the 25th section of the 5th Article of the Code. We do not think the true construction of this section authorises an appeal in a case predicamented as is this one. That section was intended, with a slight modification, as a codification of the Act of 1832, ch. 197, which authorised an application to the judges of the Court of Appeals, or one of them, when an injunction should have been refused by the county court. Under that Act nothing but the bill and its exhibits were to be submitted to the judge of the Court of Appeals. By this section of the Code it is provided, that whenever an injunction shall have been refused by a "judge of a court of equity," the clerk of the court "shall forthwith transmit the original papers, comprising the bill or petition and exhibits, and the said court's order of refusal, to the Court of Appeals, and the said court shall hear and determine the appeal," &c., &c.

Steigerwald *vs.* Winans, *et al.*

The refusal of the court to grant an injunction was not made on the presentation of the bill and exhibits, but upon these and the answer of the defendants and proof. Such a proceeding we do not think within the remedy provided by the 25th section of the 5th Article of the Code. The complainant had the right to demand a decision on his bill, and if the judge refused to grant the injunction asked for, to appeal directly to this court; but, as in this case, if he elect to postpone his appeal until proof is taken and the case decided on it, his right of appeal is gone under the section of the Code to which we have referred. Where such postponement and proceedings are had in the case, it must go on to final hearing, before an appeal will lie. The Code, like the Act of 1832, was intended to apply to a class of special cases, and not to all cases in which an injunction is part of the relief sought. Although the word "*comprising,*" does not under all circumstances, imply including *only* the things enumerated, yet, in the connection in which it is employed in the Code, we understand it as being used as determining what are the "original papers," which are only to be transmitted, and on which the decision of the court is to be given. Under the Act of 1832, a case, in the condition of this one, could not be brought before a judge of the Court of Appeals, and we regard the Code as giving, in lieu of the application to a single judge, an appeal to the court, but only in such case as an application to a judge of the Court of Appeals would be allowed under the Act of 1832. This is the only substantial difference between the provision of the Code and the Act of 1832. This being our view of the matter the appeal must be dismissed. Inasmuch as there were other matters argued at the bar by the respective counsel, of sufficient importance to require of us to say something in regard to them, we do so briefly.

Although the Act of 1835, ch. 380, is no longer in force, we are yet of the opinion that, by consent, as in this case, proof may be taken before any one agreed upon. Before the passage of the Act of 1835, the practice prevailed in several, if not in all, the judicial districts of this State, of taking tes-

timony to be used at the hearing in cases of injunction, and we see no good reason why it should not be continued.

Looking to the public character of the improvement contemplated by the defendants, and the importance of an early settlement of the question whether the complainant be entitled to an injunction, we think proper to say, that on the bill, answer and proof, as laid before us, and on which the judge of the circuit court acted, we are of the opinion the injunction ought not to have been granted. The bill made a fit case for injunction, but it was changed by the answer and proof. As other proof may be taken, or an action instituted at law, it is proper we should abstain from the discussion of the facts and law of the case, as it now stands.

*Appeal dismissed.*

(Decided March 6th, 1861.)

BARTOL, J.

I dissent from my brothers upon the construction of the 25th section of the 5th Article of the Code, and think the appeal was properly taken; but agree with them in the opinion that, upon the bill, answer and proof, the injunction was properly refused.