DAVID BARNUM and AUGUSTUS K. BARNUM, Infants, by GIRART HEWITT, their next friend, *vs.* DAVID C. GORDON, ANNIE GORDON, FRANK BARNUM, and others.

*When an appeal will not lie—Code—Equity Practice.*

No appeal lies, under section 25, Article 5, of the Code of Public General Laws, from an order refusing an injunction, in a case where such order was passed *after* answer filed.

Barnum *vs.* Gordon, *et al.*

A Judge to whom an application for an injunction is made, may with perfect propriety take time for consideration, and give notice to the parties to be affected by the injunction, or their counsel, and afford them an opportunity to be heard, in any case in which he may believe the purposes of justice may be thereby subserved.

APPEAL from the Circuit Court of Baltimore City.

This appeal was brought before the Court on the original papers, under the 25th section of the 5th Article of the Code of Public General Laws.

The original bill in this cause was filed in 1860.

It charged amongst other things, that under the last will and testament of David Barnum, late of Baltimore city, deceased, the appellants had become entitled to undivided shares or parts of certain lots of ground in the said city of Baltimore, and the erections thereon, described in said last will and testament, as the City Hotel buildings and grounds; and of certain furniture and other chattels attached thereto and used therewith, and to shares or proportions of the rents, issues and profits resulting from the use and employment of the premises aforesaid, according to their rights in said premises, and from the dates of accrual thereof, as specifically set forth in said bill; but that by some arrangement between the executors of the said testator, and persons named in his said last will and testament as trustees for certain purposes therein expressed, Zenus Barnum and Andrew McLaughlin had taken possession of the said premises and had used and employed, and were still using and employing the same as and for the purposes of a City Hotel, and had thence derived, and were still deriving large profits, and although they were aware of the rights and pretentions of the appellants, they had refused and still refused to account with them, for the profits so as aforesaid realized, or to permit the appellants in any wise to share in the use and enjoyment of said premises. The bill, further charged that the said premises were incapable of advantageous division amongst the parties interested therein, and prayed that the same might be sold under the direction of

the Court and an account be taken of the rents and profits derived by the said Zenus Barnum and Andrew McLaughlin, by the use and employment thereof and that the appellants might have paid over to them, their just shares or proportions of the proceeds of sale, and of the rents and profits realized therefrom. After answers had been put in and other proceedings had, the case was heard by the Circuit Court and the bill was dismissed. Upon an appeal to this Court the decree of the Court below was reversed and the cause remanded for further proceedings. Andrew McLaughlin and Zenus Barnum, two of the original defendants, having died while the cause was pending in this Court, upon its return to the Circuit Court, a bill of revivor and supplement was filed making new parties and praying for a sale of the "City Hotel buildings and grounds as now constituted, with all the furniture attached thereto;" for an account of the "profits" of those who had carried on the business of hotel keeping in said City Hotel, and for the appointment of a receiver "to take charge of said premises and manage the same." The motion for a receiver was set down for hearing on the 24th of June, 1867. On the 1st of July following the contesting defendants (now appellees) filed their answer, in which they insisted that the former decision of this Court referred only to the hotel and grounds as they had existed at the time of David Barnum's death, and that this Court had not decided that the appellants were entitled to shares thereof, nor to an account of rents and profits; that the hotel since his death, had been carried on by Andrew McLaughlin and Zenus Barnum, and their representatives, for their own account; that the old hotel had been renovated, etc., and contiguous lots purchased and the hotel extended over them; that they were only liable for the rent of the old part, which they had rented in good faith from the trustees of Barnum; that the purchased contiguity and improvements thereon, solely enured and belonged to them; and they claimed compensation for improvements on the old, and denied the right of the appel-

lants to the account prayed for, and that the widow of Zenus Barnum (who had married the appellee Gordon) was unfit to conduct the said hotel to advantage; but averred that during the time, that she as trustee by appointment under proceedings in the Circuit Court, had had charge of it, she had managed it judiciously and properly.   On the 8th and 9th of July, 1867, the application for the appointment of a receiver was argued by the solicitors of the respective parties, and submitted for decision.   On the last named day, the appellants filed their petition charging that the said Annie Gordon and her husband were in the actual possession of said property and that she was carrying on the same as a public hotel, and receiving large sums from the profits thereof; that they or one of them had then on hand a large amount, and were about to distribute it under the proceedings above referred to, ignoring the rights of the appellants as established by this Court; that her bond, as such trustee, was inadequate; and that by reason of her marriage, the security was lessened and she less qualified to execute the trust; that the motion for a receiver was under advisement; that the appellants would have a large claim against the said rents and profits; and prayed for an injunction restraining such distribution; for an account and for the bringing of said money into Court.   The Court, instead of acting on this petition, sat it down for hearing on the 15th of September, more than two months from the day of its submission.   The appellants not acquiescing in this order, renewed their motion for an injunction.   To this petition on the 4th of October, Gordon and wife filed their answer, in which they state that in another and distinct equity case, she had been appointed trustee to execute the trusts of the will of the late Andrew McLaughlin, and in that capacity and in no other she had conducted said hotel; and that the passage of the order prayed would involve her in inconsistent duties; denied that the opinion of this Court established the right of the appellants to any part of the fund supposed to be in the hands of the respondents; asserted that

the profits of the hotel were merged with other property, to which the appellants had no title, and that the respondents could not separate them; that the security given by the respondent Annie, independently of her own sufficiency, was of the most ample character; and they adopted also the defences set up in their answer to the bill. On the 5th of October, no injunction having been issued, and the Court not acting in any way thereon, an appeal was taken. Afterwards on the 29th of the same month, the Circuit Court passed two orders—one refusing to appoint a receiver, and the other refusing to grant an injunction; and from these orders an appeal was taken by the appellants.

Pending said appeal, at the instance of the appellants the original papers were transmitted to this Court under the provisions of the 25th section of Article 5, of the Code of Public General Laws, whereupon a motion was made by the appellees to dismiss the appeal thus brought to the consideration of the Court.

The motion was argued before BARTOL, C. J., BRENT, STEWART, GRASON, MILLER and ROBINSON, J.

*I. Nevett Steele* and *William Schley*, for the motion, contended:

That the appeal should be dismissed for the following reasons:

1. The answer of the appellees had been filed before the order of the Court below, refusing the injunction, was passed. The Court was bound to look at and consider the answer, and the case therefore could not come up to this Court on "the bill or petition and exhibits" alone, as required by the Code in an appeal on the original papers. *Steigerwald vs. Winans, et al.*, 17 *Md. Rep.*, 62; *Bell vs. Purvis, et al.*, 15 *Md. Rep.*, 23; *Code of Pub. Gen. Laws, Art.* 5, *sec.* 25.

2. Upon the filing of the petition, it was set down for hearing on a given day, provided copies of the petition and

order setting it down for hearing, were served on the appellees or their solicitors. Service of copies was admitted by the appellees' solicitors, and the appellants could not, after this had been done, properly insist, by their application of July 15th, that the Court should at once take up the matter of the prayer for an injunction and decide upon it *ex parte*.

3. At the time when the first order for an appeal was given by the appellants, although the answer of the appellees had been filed, no order refusing the injunction had been passed by the Court, so that there was nothing to appeal from under the section of the Code above referred to.

4. The 25th sec. of Art. 5, of the Code, does not and was not intended to apply to a case, where a petition for an injunction is filed in a pending cause in which the defendants have answered and are consequently present in Court. In such a case the return day of process would not have to be waited for; and to make it obligatory on a Court of Equity to take so important a step as the issuing of an injunction in a pending cause, without looking at the answer of the defendants, or allowing them to be heard although they are present in Court, would seem to be as unnecessary as it would be unjust and inequitable.

5. The question of the appointment of a receiver having been, upon the application of the appellants, argued and submitted to the Court below, the Judge of that Court was right in not proceeding to grant *ex parte* an injunction, by which he would forestall the decision of the questions submitted to him in reference to the appointment of a receiver.

*Thales A. Linthicum* and *Thomas S. Alexander*, against the motion, argued:

That the appeal was properly taken and the motion to dismiss should be overruled.

The 25th section of the 5th Art. Code of Pub. Gen'l Laws embraces this case in its very language and letter and enacts —"that in all cases where a Judge of a Court of Equity shall

Barnum *vs* Gordon, *et al.*

*refuse* to grant an injunction, he shall certify in the form of an order his refusal to do so, from which order and refusal the party applying for the injunction shall have the right to appeal," &c.

The Acts of 1832, ch. 179, and 1843, ch. 73, of which sec. 25, with a slight change, is a codification, gave this right of appeal for redressing errors in the Court below not theretofore the subject of appeal. And section 25, like these Acts, contains no restrictions or qualifications upon this right.— And from 1832 to the case of *Steigerwald vs. Winans, et al.*, *the intention and spirit* of these enactments were considered so clearly expressed by the language used as to place the right of appeal beyond question and beyond the need of construction to secure it. Such then being the plain and obvious words used by the Legislature to express its intention the question whether the right of appeal thereby conferred is embraced within the *spirit* of the law is hardly debatable. The intention of the Legislature was to give the right of appeal in the particular cases specified—the language used to express that intention is free from ambiguity and leaves no room for inquiry as to what cases the law should apply. The letter and the spirit or intention of the law being manifest—is construction then to be brought to bear so as to defeat that intention in a particular case within that intention?

In the case of *Steigerwald vs. Winans, et al.*, 17 *Md. Rep.*, 62, cited by the appellee, on the filing of the bill the Judge below instead of granting or refusing the injunction prayed for, appointed a day for hearing the motion—the answer was filed immediately and *by consent* (the Act of 1835, ch. 380, being no longer in force) *testimony* was taken on both sides and the case was heard below on bill, answer, exhibits, testimony, and all the papers then in the cause, and after argument the injunction was refused.

The Chief Judge in delivering the opinion of the Court on appeal says: " The complainant had the right to demand a decision on his bill, and if the Judge refused the *injunction*

asked for, to appeal directly to this Court; but, as in this case, if he elect to postpone his appeal until proof is taken and the case decided on it, his right of appeal is gone under the section of the Code," &c. The distinct ground for dismissing the appeal was unequivocally stated to be, that the complainant had elected to postpone his appeal until *proof had been taken* and the case decided on it (the proof.) In argument for appellee it was conceded upon the authority of *Purvis vs. Bell, in 15 Md. Rep.,* 22, that before the Code, if answer had been filed before the refusal for granting an injunction, the appeal would bring before the Court both bill and answer. But on the other hand it was suggested as a question, that as the Code mentioned "original papers, comprising the bill or petition and exhibits," whether an answer having been filed, it was not too late for the complainant to appeal under the Code?

Without arguing this question or affording any solution to it, against the opinion in *Purvis vs. Bell* conceded to be law before the Code—the counsel states other questions, assuming that the answer with the bill was properly before the Court: "did it bring up any thing else? did it bring up the proof or testimony?" It is difficult to perceive how the answer to those two last questions would furnish any solution to the principal question; and the argument used is no longer of any practical use, as the principal objection urged is supplied by legislation. The decision of the Court therefore was not upon the fact that an answer had been filed, but upon the ground before stated, that proof had been taken and the case below decided upon the proof. This proof was taken on both sides by consent, and in support of both *bill and answer.*

If no proof had been taken, we are not left to conjecture what would have been the decision in *Steigerwald and Winans,* for in some ten months afterwards, the case of the *State vs. Jarrett,* &c., *in* 17 *Md. Rep.,* 309, similarly *predicamented* in every detail of practice with *Steigerwald and Winans,* except in the single particular that no proof had been taken, was decided

upon bill and answer, by the same Judges who sat in *Steigerwald and Winans.* It is true that no motion was made to dismiss the appeal, and no question raised or argued as to the right of appeal. But *Steigerwald and Winans* was fresh in the minds of both bench and bar, and the Court as decided in the recent case of *State vs. Jarrett,* (*Constitution case,*) would have dismissed the appeal without motion, if it had been of opinion that the appeal did not lie.

From these two cases, in 17 *Md. Rep.,* it may be fairly assumed, (and the conclusion is obvious,) that although an answer be filed, the right of appeal is not affected, unless the complainant takes some steps in further progress of the cause, after the answer, from which a waiver or abandonment of his right of appeal may be implied; or in other words, the filing of an answer does not of itself, deprive the complainant of his right of appeal, and his right can only be lost by his own act. And it is submitted that if the testimony had been taken under the Act of 1835, and the application for injunction had been submitted upon bill, answer and such testimony, the right of appeal would still have subsisted in case of refusal of the injunction. At the time of *Steigerwald and Winans,* the Act of 1835 was not in force, and the taking of the testimony in that case was by consent, and this consent of complainant was the ground upon which the Court dismissed that appeal.

The case of *Stockett vs. Bird,* 18 *Md. Rep.,* 484, presented to this Court directly for its decision, a question exactly similar to the present. In that case, as in this, the injunction was applied for by petition after answer filed, the injunction was refused, and upon appeal a motion was made to dismiss, which was overruled, the majority of the Judges being of opinion that the appeal was well taken under Art. 5, sec. 25 of the Code. Here, as in *State vs. Jarrett,* an answer had been filed, and the motion to dismiss was made and argued, and, although answer was in, the appeal was not dismissed. In the Constitution injunction case, the Court without suggestion or motion

to dismiss, refused to hear the appeal, but dismissed it upon the authority of *Steigerwald and Winans*, because the defendants had been able to file answer before the Judge had acted on the bill.

The decisions upon the 25th sec. 5th Art., of the Code, may be stated in effect to stand thus: the first and the last against the right of appeal; the second and third in favor of the right. The first, as shown above, based upon a separate and distinct ground from the last. In two cases, the law has received one construction; in the two others, a construction directly opposite, or in short, the decisions are conflicting.

It is conceded that the decisions of this Court are final and conclusive, except in cases in which the Court has departed from its own decisions.

Now, in the *State vs. Jarrett*, and in *Stockett, Adm'r of Bird, vs. Bird's Adm'r.*, the Court had departed from the decision in *Steigerwald and Winans*, and when the Constitution injunction case was heard, the authority of *Steigerwald and Winans* was, it is with due respect submitted, entirely shaken by decisions.

Says *Lord Ellenborough, in* 16 *East,* 122, *The King vs. The Inhabitants of Leek Wootton:* "where there are conflicting decisions upon the construction of a statute, the Court must refer to that *which is and ought* to be the source of all such decisions, that is, the words of the statute itself. * * * * And therefore the Court are obliged to refer to the fountain head of all, the statute, to see which of them most corresponds with the words of it."

Upon the authority of 16 *East,* we may then consider all these decisions under Art. 5, sec. 25, open to examination, because they are conflicting, for the purpose of going to the " fountain head," and to see how they correspond with the words of the Code.

The case of *Steigerwald and Winans* is a decision based not upon the words or the intention of the law, but rested solely upon construction, rendered necessary as was thought by the

peculiar state in which that case had been placed by the act or consent of the complainant; and from what appears it is manifest that the case, at the time of appeal, was ready for a final hearing, and had been so fixed by the act of the parties, and to allow a party to split up his case and present it by piecemeal was considered as sufficient ground for holding that case as not within the Code. Upon no other ground can the authority of that case be considered as binding except in cases exactly so predicamented. And the Chief Judge in his opinion is careful to state the grounds of the judgment of the Court, so as to limit that decision to the case then at bar, and to prevent it from being treated as a judicial construction of general application; and his decision in the subsequent case of *State vs. Jarrett* sustains this view. In this case there was no doubt of the right of the Court to hear the appeal although the answer had been filed.

It is the duty of the Court to apply the remedy to the mischief, and so construe statutes where construction is necessary, that their intention may be carried out and applied. Construction is the expounding or proper reading of enactments for the purposes of ascertaining and declaring the legislative intent or purpose, and when this intention is defined, the act will be treated as if it read as it has been construed.

Reading the 25th sec. of Art. 5, by the constructions above stated, we will have to engraft upon it the qualifying words in *Steigerwald and Winans,* thus: "*but if answer be filed and testimony be taken thereupon by consent of parties, the right of appeal hereby declared, shall be considered as waived and abandoned, and if an appeal shall be taken before final hearing in the Court below, the same shall be dismissed by the Court of Appeals;*" or as in the Constitution case, these words: "*but if the defendant file his answer before the Court can determine whether to grant or refuse the injunction prayed for, the filing of such answer shall take away the right of appeal, in case the Judge shall refuse the injunction, whether such answer shall admit or deny the charges of the bill.*"

Barnum *vs.* Gordon, *et al.*

The previous sections of the Code give the right of appeal from orders granting, and from orders dissolving injunctions, and in order to make the law equal, section 25 gives the right of appeal where the Court refuses the injunction.

If after the Court had granted an injunction, and after argument had refused to dissolve it, would the mere fact that the complainant had given an order for a commission to issue to take testimony, be considered or tolerated as an argument to show that the defendant had lost his right of appeal from such orders? Here, as by the answer, the opposite party has taken a step to advance the final hearing, should the evidence be taken even by consent, with the view to final hearing, of a witness about to depart the State or about to die, how could this be treated as a waiver of the right of appeal? And would it have the effect of taking away the defendant's right of appeal? The answer is obvious that such would not be the law, because in the first instance the step is adversary, and the right of appeal is a privilege to the party entitled, and a law to the opponent; in the second instance, it is the right of the complainant to take such testimony, and it is equally the right of the defendant to be present when it is taken, at any stage of the cause, and without prejudice to his other rights.

Again, a bill states upon its face sufficient ground for an injunction, an answer is filed admitting every fact stated, if the Judge below refuse the injunction, was it the intention of the law that the complainant should by the answer being filed be deprived of his appeal? Surely the law intended an appeal in such a case as this. The law assumed the capacity for error in the Court below, and it intended a remedy to correct such error, when committed.

Enough has been said to show that *Steigerwald and Winans*, (except as guarded in the opinion of the Court as above stated,) and the Constitution case do not correspond either with the intention or letter of the 25th section, because the construction made, if of general application, defeats and fritters away

the positive enactments of the law, so plain in truth as to require no construction.

On the other hand, the cases of *Stockett vs. Bird,* and the *State vs. Jarrett,* run smoothly with the letter and in harmony with the spirit of the law, not a ripple disturbs the stream from its source to where it empties into the deep bosom of right and justice. The law of these cases has not been questioned.

But *Steigerwald vs. Winans* and the Constitution case, were presented to the bar with the dissent of the present Chief Justice, are in opposition to the statute, and in every case these decisions have met with express disfavor, and have been accepted as authority only upon the rule of *stare decisis.*

BARTOL, C. J., delivered the opinion of this Court.

The case now before us is a motion to dismiss the appeal taken from the refusal of the Court below, to grant the injunction asked for in the appellants' petition, filed on the 9th of July, 1867. The case is brought here on the original papers, under the 25th section of the 5th article of the Code of Public General Laws, and the question is whether under that section, this Court has jurisdiction to entertain the appeal. The papers show that before the injunction was refused, the appellees had filed an answer to the petition. After mature deliberation and a careful consideration of the able arguments which have been presented on both sides, a majority of the Court have come to the conclusion that the appeal must be dismissed, and that in such a case this Court has no jurisdiction to entertain the appeal. This decision is placed upon the ground that such has been the construction given to this section by our predecessors, in two cases where the question was raised and elaborately argued. We refer to the decision in *Steigerwald vs. Winans, et al.,* 17 *Md. Rep.,* 62, and to the case of *Rogers, et al. vs. Jarrett, et al.,* decided at the last term of this Court. This last decision is an authoritative affirmance of the construction given in the former, and

the facts so far as this question is concerned were very similar to those in the present case. We ought not to overrule these decisions, whatever our views might be, if the question were *res nova*. The remedy, if any mischief should be thought to result from this construction, is with the Legislature.

In expressing this opinion, it is proper we should state that the Judge, to whom an application for an injunction is made, may with perfect propriety take time for consideration, and give notice to the parties to be affected by the injunction, or their counsel, and afford them an opportunity to be heard, in any case in which he may believe the purposes of justice may be thereby subserved.

*Appeal dismissed.*

(Decided 1st February, 1868.)