ELIAS WALKER *vs.* MARY E. COCKEY and EDWARD D. McCONKEY, Attorney.

*When a Court of Equity will not interfere, upon the ground of Usury, to prevent a Sale under a power contained in a Mortgage—Construction of the Act of 1870, ch. 450—Construction of a Mortgage—Default in the Condition of a Mortgage justifying the execution of a Power therein to sell.*

A Court of Equity will not restrain the execution of a power of sale contained in a mortgage, upon the ground of usury in the transaction, where the

mortgagor does not pay, or bring into Court to be paid, the principal sum actually due, with legal interest thereon.

The Act of 1870, ch. 450, in no wise refers to, or affects sales made pursuant to powers contained in mortgages executed under the provisions of Article 64 of the Code. Its sole purpose and effect is to modify certain sections in Article 16, relating to the jurisdiction of Courts of Equity.

A mortgage given to secure the payment of certain promissory notes, conveyed the property to the mortgagee in fee simple, with a defeasance clause, which provided that if the mortgagor, his heirs, &c., "should pay the above mentioned promissory notes when and as they respectively arrived at maturity, and *should perform all the covenants therein on his part to be performed,* then the mortgage should be void." Then followed the agreement for possession by the mortgagor, "until default should be made in *the premises.*" It was then provided that "in case of *any default* being made *in any condition* of the mortgage, then" the sale of the mortgaged property might take place, and the proceeds be applied "to the payment of all moneys owing under the mortgage, whether the same should have then matured or not." The mortgage concluded with a covenant on the part of the mortgagor to insure, and pending the existence of the mortgage, to keep insured, the improvements of the mortgaged ground, to amount of at least one thousand dollars, and to cause the policy to be so framed or indorsed as in case of fire, to inure to the benefit of the mortgagee, &c. The mortgagor effected an insurance, but only for $550, the most for which the improvements could be insured. A sale being about to be made under the power of sale contained in the mortgage, because of the failure of the mortgagor to comply with his covenant to insure, he filed a bill for an injunction to restrain such proceeding, contending that as the covenant to insure was in the concluding part of the mortgage, a failure in this respect did not authorize a sale, because in a previous part of the deed it was stipulated that until default *in the premises,* the mortgagor should remain in possession. HELD :

1st. That possession was made dependent not alone upon payment of the notes as they matured, but upon that, *and also* upon performance by the mortgagor of all the covenants which the *mortgage contained.* Performance of all these by the mortgagor are made part of the *premises* for any default in which his possession might be lost.

2nd. That the failure by the mortgagor to insure according to the terms of his covenant in that respect, constituted such default as rendered execution of the power to sell rightful and proper; his inability to insure for the stipulated sum did not excuse him from the consequences of a breach of his covenant.

Walker *vs.* Cockey, *et al.*

APPEAL from the Circuit Court for Baltimore County, in Equity.

The mortgage in this case, dated the 26th of August, 1872, was executed by the appellant and his wife, to the appellee, Mary E. Cockey, to secure the payment of certain promissory notes. In case of default in any of the conditions of the mortgage, the mortgagee, her heirs, &c., or the appellee, Edward D. McConkey, her and their duly constituted attorney or agent were authorized and empowered to sell the mortgaged property. The appellant having failed to insure the improvements on the mortgaged ground, according to his covenant in the mortgage, the appellee, McConkey, filed his bond and advertised the property for sale. Thereupon the appellant filed his bill praying that an injunction might issue prohibiting the sale of the mortgaged premises. The allegations of the bill are sufficiently stated in the opinion of the Court. The injunction was issued as prayed. The appellees answered the bill, and proof was taken; and after hearing, the injunction was dissolved. From this action of the Court the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE, MILLER and ROBINSON, J.

*John H. Ing,* for the appellant.

*R. W. Baldwin* and *A. C. Trippe,* for the appellees.

MILLER, J. delivered the opinion of the Court.

This appeal is from an order dissolving an injunction granted to restrain execution of a power of sale contained in a mortgage. The motion to dissolve was heard upon bill, answer and proof. We shall dispose of the case by considering the several grounds, as alleged in the bill, upon which the injunction or its continuance may be sup-

posed to rest. Most of these may be dealt with in few words.

1st. The averment that the bond given by the party named in the mortgage to execute the power, was not approved as required by the Code, is denied by the answer and is not supported by any proof in the cause.

2d. The averment that there was usury in the transaction is not accompanied by payment, or bringing into Court to be paid, the principal sum actually due, with legal interest thereon, which must be done before the mortgagor can, on that ground and in a case like this, invoke the aid of a Court of Equity to stop the sale by injunction. This Court has decided in *Powell and Harrison vs. Hopkins et al., ante p.* 1, that the exaction of usurious or illegal interest does not invalidate the mortgage or affect the power to sell, and that the Court in which the sale is to be satisfied and the proceeds distributed, has full authority and jurisdiction to adjust the question of interest between the parties.

3d. The allegation that there was no decree of a Court authorizing a sale of the mortgaged property, and that a sale without such decree is prohibited by the terms of the Act of 1870, ch. 450, is also unavailing. That law has no application to cases like the present. Its sole purpose and effect is to modify certain sections in Article 16, relating to the jurisdiction of Courts of Equity, and it in no wise refers to or affects sales made pursuant to powers contained in mortgages executed under the provisions of Article 64 of the Code.

4th. The ground chiefly relied on by the appellant is that there has been no default bringing into operation the power to sell. It is conceded the sale was about to be made because of failure by the mortgagor to comply with his covenant to insure, and, pending the existence of the mortgage, to keep insured the *improvements* on the mortgaged ground, to the amount of at least *one thousand*

*dollars*, and to cause the policy to be so framed or indorsed as, in case of fire, to inure to the benefit of the mortgagee. This is the concluding part of the mortgage, and it is argued that failure in this respect does not authorize a sale because in a previous part of the deed it is stipulated that until default "*in the premises*" the mortgagor shall remain in possession. A brief examination of the terms of the instrument will enable us to arrive at its true construction. It first states the consideration, the promissory notes, to secure which it was executed. It then conveys the property to the mortgagee in fee simple with a defeasance clause, which provides that if the mortgagor, his heirs, &c., "shall pay the above mentioned promissory notes when and as they respectively arrive at maturity, *and shall perform all the covenants herein on his part to be performed*, then this mortgage shall be void." Then follows the agreement for possession by the mortgagor, "until default be made *in the premises*," the plain meaning of which is that possession is made dependent not alone upon payment of the notes as they mature, but upon that *and also* upon performance by the mortgagor of all the covenants which the *mortgage contains*. Performance of all these on his part, is expressly made part of the *premises* for any default in which his possession may be lost. That such was the intention of the parties and is the true construction of the instrument, is also made more manifest by the clear terms in which the power of sale is conferred, viz: "but in case of *any default* being made in *any condition* of this mortgage, then" the sale may take place and the proceeds be applied "to the payment of all moneys owing hereunder, *whether the same shall have then matured or not*." We have no doubt failure by the mortgagor to insure according to the terms of his covenant in that respect, constituted such default as rendered execution of the power to sell rightful and proper.

The law will undoubtedly allow him a reasonable time after the mortgage, to effect insurance if none existed at its date; but in this case much more than such reasonable time had elapsed before there was any attempt to execute the power. The mortgage was executed on the 26th of August, 1872, and the preliminary steps for a sale were not taken until the 25th of September, following, and the bill to restrain the sale was filed on the 2d of October. Up to this time no insurance such as the covenant required, had been effected, and there was, therefore, a clear breach of it at the time the mortgagee proceeded to have the power of sale executed.

He did effect an insurance on the 2d of September, but only for $550, and the proof shows that this was the most for which insurance on the improvements could be made. But his *inability* to insure for the thousand dollars does not excuse him from the consequences of a breach of his covenant. It was not a covenant *void upon its face*, as stipulating for the performance of an act which in its nature was not within the range of possibility. There is no proof the mortgagee or any one acting for her, ever saw the improvements or knew their value, but the contrary is clearly established by the testimony. It was also proved that it was part of the agreement and an essential condition upon which the loan was to be made and the mortgage executed, that insurance to this amount should be effected. The mortgagor agreed to and accepted this condition, and in reliance upon its being complied with, the mortgagee parted with her money. Under these circumstances a Court of Equity cannot relieve the mortgagor from what, by his own deed, he agreed should be the consequence of a failure to effect insurance for the stipulated sum, no matter whether that failure arose from neglect or inability to procure such insurance. If, when he entered into this covenant he overestimated the value of his property, and supposed insurance to that amount

could be effected upon it when in fact it could not, the case is very analogous to that put in the books, "if one under the impression that he is seized of land in fee, or possessed of a term of years, aliens and covenants that he is lawfully seized or possessed, or that he hath a good estate, or that he is able to make such alienation, when in truth the estate is in some other at the time, the covenant *is broken as soon as it is made.*" *Platt on Covenants,* in 3 *Law Lib.,* 136.

We have thus disposed of the case without reference to the Legislative prohibition against injunctions in such cases, contained in section 15 of Article 64 of the Code. The case before us does not require the expression of any opinion as to the scope and extent or constitutional validity of that section of the Code or any part of it.

*Order affirmed.*