# LOUIS BUCKNER

## *vs.*

## CHARLES CRONHARDT, JR., Executor, and JACOB M. MITNICK, Trustee.

*Mortgages: foreclosure; credits claimed; no ground for enjoining sale.*

The mortgagor must pay into Court the amount admitted to be due before the Court will grant an injunction to restrain a sale upon default.                                     p. 616

Where credits on a mortgage are claimed they should be settled upon the statement of the account and the distribution of the fund by the auditor; they can not be invoked to affect the power of the sale under the mortgage.                   p. 616

*Decided April 25th, 1918.*

Appeal from an order of Circuit Court No. 2 of Baltimore City. (Stump, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*David Ash* and *Louis Hollander,* for the appellant.

*S. S. Field* (with whom was *Jacob J. H. Mitnick* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

On the 27th of August, 1912, the plaintiff obtained a decree, in the Circuit Court of Baltimore City, against the defendants for the sale of certain fee-simple and leasehold property, in the City of Baltimore, which had been conveyed by way of mortgage to secure an indebtedness of $16,600.00 and interest thereon, with certain credits, appearing from a statement of the mortgage debt, filed in the mortgage foreclosure proceedings.

On the 24th of February, 1913, the defendant, Louis Buckner, filed a petition in the case, wherein among other things, it is alleged, that eleven other mortgage foreclosure proceedings under consent decrees for the sale of mortgaged property were filed and instituted, simultaneously with this case as will more fully appear by reference to the dockets of the Court.

The petition is quite a lengthy one and the relief sought thereby is stated in the prayer thereof as follows: (1) That the decree of sale in the mortgage foreclosure suits may be stricken out as improvidently and inadvertently granted; (2) that the plaintiff be required to file his mortgage claim in each of the remaining cases on the docket, within fifteen days after service of a copy of the order; (3) that an injunction be issued enjoining and restraining the plaintiff and the trustee named in the decrees from advertising the property for sale or proceeding with the foreclosure sale of the property; (4) that the plaintiff be required and compelled to make an accounting of the moneys deposited in trust; and (5), for other and further relief.

Upon the allegations of the petition and exhibits the Court below on the 24th of February, 1913, ordered a writ of injunction, in the usual form to be issued, upon the filing of a bond in the penalty of $1,000, reserving the right to the defendants to move for a rescinding of the order and for a dissolution of the injunction at any time after the filing of answers on giving the petitioner five days' previous notice of the motion.

The injunction was issued as directed and on the 10th day of April, 1913, the plaintiff appeared and answered the petition, denying the material allegations thereof.

The answer also denied that the petitioner was entitled to a credit in excess of $22,000 on the various mortgages but avers that the true amounts owing on the mortgages in the proceedings are correctly shown by the statements of the mortgage claims in each of the cases herein and filed at the time of the answer.

The answer further denies that the petitioner is ready, willing and able to pay the amount due under the several mortgages, and since the petitioner admits that the mortgages are overdue and the mortgagee is in default, he is not entitled to the intervention of a Court of Equity to stay the mortgage sales, without paying or bringing into Court the principal and legal interest due thereon in excess of the credits claimed.

The answer then asked that the petition be dismissed, the order be rescinded and discharged, and the injunction as granted be dissolved.

Subsequently, on the 26th of September, 1913, certain exceptions to the answer were filed, which, upon hearing, were overruled by the Court, and the petitioner was directed to proceed further with the case within ten days. Thereupon, the petitioner joined issue on the matters alleged in the answer, so far as the same may be taken to deny or avoid the allegations of the petition.

Nothing further appears to have been done in the case until the 8th of May, 1917, when upon application of the plaintiff leave was granted to the parties to take testimony in open Court, and at this hearing on the 16th of November, 1917, the following order of Court appears to have been passed:

The matter of the petition filed by Louis Buckner, one of the defendants in the above entitled case, on February 24, 1913, and the answer filed by Charles Cronhardt, Junior, thereto on April 10, 1913, and the replication thereto com-

ing on for final hearing in open Court under the 35th Rule, and before taking of any testimony the matter of the failure of the petitioner to pay into Court the balance of the mortgage debt and interest over and above the credit claimed by the petitioner was suggested by the solicitor for the mortgagee and being argued by counsel for the respective parties, it is thereupon this 16th day of November, 1917, ordered by the Circuit Court of Baltimore City that the said Louis Buckner, within sixty days from this date, bring into this Court the balance of the mortgage debt and interest due under the various mortgages mentioned in the petition, over and above the credit claimed by the petitioner, and to pay the same into this Court into the hands of the clerk thereof to the credit of the said Charles Cronhardt, Jr., executor, the interest whereon shall be subject thereafter to the further order of Court; and that in default of such payment by the petitioner, the injunction heretofore issued in this case shall be and it is hereby dissolved.

From this order the petitioner, Louis Buckner, on the 8th of January, 1918, directed this appeal.

The appeal, it will be seen, is from an order of Court, dissolving an injunction, upon failure of the defendant to bring into Court within sixty days from its date, the balance due on certain and various mortgages set out in the case, over and above the credits claimed by the petitioner.

While the order is unusual in form and the proceeding somewhat irregular, it, in effect, gave the defendant sixty days from its date to bring into Court the balance due on the mortgage debts, over and above the credits claimed by him and in default of such payment, it was provided, the injunction heretofore issued in the case should be and it was thereby dissolved.

The single question presented on the appeal is whether this order was properly passed, and whether the objections urged against it can be entertained, upon the state of the record now before us.

It is quite clear that the averments of the defendant's petition were not sufficient to entitle him to the relief sought against the plaintiff and that the order for an injunction on the 24th of February, 1913, was improperly passed.

The petition not only fails to allege that the mortgages are not in default or that the entire amount of the mortgage debt and interest has been paid, but admits that the mortgage debt and interest amounts in excess of $40,000, but claims a credit in excess of $22,000.

It is well settled upon all the authorities that the mortgagor must pay the amount admitted to be due into Court before the Court will grant an injunction to restrain the sale upon a default in the mortgage. *Revised Charter of Baltimore*, sec. 721; *Code*, Art. 66, sec. 16; *Powell* v. *Hopkins*, 38 Md. 1; *Neurath* v. *Hecht*, 62 Md. 221; *Thrift* v. *Bannon*, 111 Md. 303.

The question of credits relied upon by the defendant could be adjusted and settled upon a statement of the account and a distribution of the fund between the parties by the auditor of the Court but can not be invoked to affect the power of sale under the mortgage. *Walker* v. *Cockey*, 38 Md. 75; *Roberts* v. *Loyola Bldg. Asso.*, 74 Md. 1.

The case was heard in open Court upon petition, answer and replication, and was argued by counsel for the respective parties.

The question of the payment of the admitted debt into Court, before the injunction could have issued, was relied upon as a defense in the eleventh paragraph of the answer. And by the twelfth paragraph the Court was asked to rescind the order as passed, dissolve the injunction and to dismiss the petition.

By section 164 of Article 16 of the Code it is provided: "And the defendant shall be entitled in all cases by answer to insist upon all matters of defense in law or equity to the merits of the bill of which he may be entitled to avail himself by a demurrer or plea in bar."

It is difficult to see upon what legal or equitable principle, under the facts and circumstances of this case, that the appellant can complain of the order of Court below dissolving the injunction or in what respect he is injured thereby.

He admits there is a large balance due upon the mortgages, and both the interest and the credits claimed by him are reserved for the further consideration of the Court. The Court gave him sixty days from the date of the order to bring in the money before a default and before a dissolution of the injunction would become effective, but he not only failed to avail himself of his rights under the order but waited until within a few days of the expiration of the sixty days and then took this appeal.

To permit the appellant's contentions to prevail in this case and at this stage of the proceeding, would be, as stated by this Court in *Belt* v. *Blackburn,* 28 Md. 227, "to grant not only an indulgence unreasonable in itself but to encourage vexatious delays in the prosecutions of suits and would be manifestly unjust to the parties in interest."

The motion to dismiss the appeal will be overruled. Treating the order of the 16th day of November, 1917, as an order dissolving the injunction, it is clearly an appealable order, under section 27 of Article 5 of the Code. Art. 5, sec. 27, Code.

It follows from the conclusion we have reached that the order of the Circuit Court of Baltimore City, dated the 16th day of November, 1917, dissolving the injunction which had been granted on the 24th of February, 1913, will be affirmed. *Cherbonnier* v. *Goodwin,* 79 Md. 55; *Equitable Ice Co.* v. *Moore,* 127 Md. 324; *Carrington* v. *Basshor,* 121 Md. 76.

*Order affirmed, cause remanded, with costs to the appellee.*