JOSEPH F. MORELAND, INC., *v.* JOSEPH H. MORELAND ET AL.

[No. 64, April Term, 1938.]

*Decided June 14th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William C. Rogers,* with whom were *George M. Brady, Winson G. Gott, Jr.,* and *John Marshall Jones, Jr.,* on the brief, for the appellant.

*Harry J. Green, George H. Dowell, Robert R. Carman, Clagett Bowie, Howard C. Bregel,* and *Edward A. Ferrari,* submitting on brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The appellant, Joseph F. Moreland, Incorporated, was organized in May, 1931. It was chartered to acquire and use for cemetery purposes a tract of land, containing thirty acres, located in Baltimore County, and known as Moreland Park Cemetery. By an amendment to the charter in October, 1931, the corporation was empowered to acquire additional land, not exceeding one hundred acres, for enlarging the cemetery, and to engage in general real estate business. The ground subsequently devoted by the corporation to cemetery uses was conveyed to it by Joseph F. Moreland in consideration of the issue to himself, his wife and daughter, of almost all of the authorized capital stock. Mr. Moreland, his wife, and his stepson-in-law, were the directors of the corporation and controlled its activities until October, 1937, when new directors were elected. In November, 1932, the Moreland Real Estate Company was incorpo-

rated. Its stock is held exclusively by Joseph F. Moreland and his wife and daughter. In this suit it is alleged that, while they were also in control of the appellant corporation, they sacrificed its interests for their own advantage, partly through transactions in which both of the companies dominated by them were involved. Numerous allegations to that effect are contained in the pending bill of complaint of Joseph F. Moreland, Incorporated, against Joseph F. Moreland, his wife, daughter, stepson-in-law, and the Moreland Real Estate Company, as defendants. The principal charges are that the defendants had caused most of the plaintiff's cemetery and other property to be conveyed to the Moreland Real Estate Company; that Joseph F. Moreland had contracted for and retained for his sales services an unduly large share of the money realized from the sale of lots; that large amounts of stock of the plaintiff corporation were unwarrantably issued; that a mortgage indebtedness against it was improperly created; and that its corporate name is being wrongfully used by the defendants in competing operations. The bill of complaint concluded with prayers for an accounting, the cancellation of a contract, the surrendering of a deed and a mortgage, the delivery of corporate records, and for an injunction against advertisements by the defendants for the sale of lots in the Moreland Park Cemetery. No preliminary injunction was sought when the bill was filed on February 14th, 1938, but on the 26th of the next month, by a petition which was stipulated at the hearing below to be considered as if embodied in the bill, the plaintiff prayed that an injunction be forthwith issued, pending the trial of the suit, restraining the defendants from operating under the name of the Moreland Memorial Park Cemetery, or the Memorial Park Cemetery, from attempting to convey, or accepting purchase subscriptions for, any of the lots involved in this litigation, for which the Moreland Real Estate Company claims to hold a deed, and from other collateral acts which need not be here detailed.

After a hearing the chancellor ordered that a writ of injunction be issued as prayed upon the filing by the plaintiff of a bond in the usual form for $40,000, but with leave to the defendants, or any of them, to move for a dissolution of the injunction after five days notice to the plaintiff, and after answers to the bill of complaint were filed. The plaintiff has appealed from that order on the ground that its provision for the preliminary injunction prayed for is nullified by the requirement of a bond in an amount which is alleged to be excessive for indemnity purposes and beyond the financial ability of the plaintiff to procure.

As the plaintiff would have had the right to appeal from an order refusing to grant an injunction, according to the prayer of the bill or petition (Code, art. 5, sec. 35; *Safe Deposit & Trust Co. v. Baltimore,* 121 Md. 522-533, 88 A. 267), it could appeal from an order purporting to grant such an application but manifestly rendering the provision nugatory by the imposition of impossible conditions. But no such extraordinary problem is presented by this record. It was within the chancellor's sound discretion to provide, as a condition for the issuance of the injunction, that the interests of the defendants, pending the litigation, be protected by a bond. *American Bonding Co. v. State,* 120 Md. 305, 87 A. 922; *County Commissioners v. School Commissioners,* 77 Md. 283, 26 A. 115; *Wagner v. Shank,* 59 Md. 313, 328; *White v. Davidson,* 8 Md. 169; *Alexander v. Ghiselin,* 5 Gill 138; *Billingslea v. Gilbert,* 1 Bland 566. The preliminary injunction granted on the plaintiff's petition prohibited the defendants from continuing business operations in which they had been engaged for a number of years in connection with the management and disposition of property admittedly held by the corporate defendant under a conveyance which the plaintiff is endeavoring to invalidate. No testimony was produced at the hearing on the petition for a preliminary injunction, and the record does not enable us to determine the value of the property interests involved

in the litigation, or the extent of the possible loss against which the defendants could reasonable claim a right to be indemnified. The allegations of the bill and petition were not concerned with that question, and they afford no adequate ground for a conclusion that the prescribed amount of the bond was exorbitant. The presumption is that the chancellor's discretion in reference to the bond was not abused but was exercised with just regard to the rights and interests of both the plaintiff and the defendants, and we have found no occasion to render a decision to the contrary.

*Order affirmed, with costs, and cause remanded for further proceedings.*