MONTGOMERY COUNTY *v.* MARYLAND-
WASHINGTON METROPOLITAN
DISTRICT ET AL.

[No. 5, October Term, 1952.]

*Decided November 7, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*David Macdonald, County Attorney for Montgomery County,* with whom was *Joe M. Kyle, Assistant County Attorney,* on the brief, for the appellant.

*J. Bond Smith, General Counsel, Maryland-National Capital Park and Planning Commission,* and *H. Warren Buckler, Jr.,* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

In 1951, Montgomery County, the appellant, filed its bill of complaint in the Circuit Court for that county against Maryland-Washington Metropolitan District and Maryland-National Capital Park and Planning Commission, and the individual members of the Commission, appellees, seeking to vacate and set aside a conveyance the county had made to the Commission in 1944 on the ground that the "purported transfer" was unlawful, void and beyond the power of the County Commissioners of Montgomery County to make. Other relief asked in the bill was the enjoining of the defendants from selling or transferring the property involved, or any interest in it, to anyone other than Montgomery County, and the further injunction forbidding the defendants from taking or holding possession of the property until the determination of the cause. Filed with the bill was a petition asking for a temporary injunction. On the bill and its accompanying exhibits and the petition, it was ordered on December 21, 1951, by the court that the writ of injunction be issued, restraining the transfer of the property or any interest therein to anyone other than Montgomery County. The order contained this further statement: "The plaintiff, being a municipal corporation, shall not be required to file a bond for the issuance of this Writ of Injunction." On February 15, 1952, the court passed its order that Montgomery County file an injunction bond in form and substance and with security to be approved by the court, in the amount of $100,000, or suffer the injunction of December 21 to be dissolved. The bond was not filed, and on March 3, 1952, the court dissolved the injunction.

The appeal here is from the orders of February 15 and March 3 on the sole ground that, as a matter of law, a bond cannot be required as condition to the granting of an injunction of a county, since it is a political subdivision of a sovereign State.

The appellees have moved to dismiss the appeal on the grounds that the requirement of a bond is in the

discretion of the chancellor, Section 231 of Article 16 of the Code (1951 Ed.) and unless abuse of discretion or lack of jurisdiction is alleged and shown, no appeal lies under Section 35 of Article 5 of the Code (1951 Ed.). The appellees say this Section does not apply "since the chancellor did not refuse to grant the injunction nor did he impose improper conditions on its issuance". In further support of the motion to dismiss, it is said that the appeal is not properly granted by Section 31 of Article 5 either, since "said injunction was not dissolved following a hearing on the merits of the complaint and the pleadings thereto but in the exercise of the chancellor's discretion to require security for the continuance of the injunction".

We find that the motion to dismiss on the grounds urged is not well taken. Under Section 35 of Article 5, an appeal lies from a refusal to grant an injunction. An order purporting to grant an injunction, but which attaches impossible or illegal conditions rendering the grant nugatory is appealable under Section 35. The Court so held in *Moreland v. Moreland,* 175 Md. 145, 199 A. 871. Under Section 31 of the Appeal Article of the Code, an appeal lies from a dissolution of an injunction and, no less, will lie from the dissolution for failure to obey a condition set by the court. *Buckner v. Cronhardt,* 132 Md. 612 at 617, 104 A. 169, and see also *Conner v. Groth,* 90 Md. 674 at 680, 45 A. 1024.

Although the appeal will not be dismissed on the grounds urged by the appellee, it is in order to see if it should be dismissed for other reasons.

As presented by the record, the briefs, and the oral argument, nothing was before us for decision in this cause but this narrow question, namely, if an injunction is otherwise properly issuable, can the court, as a matter of right, require a county to furnish an injunction bond? We are not asked, nor are we given the facts and the law, to decide over-all whether in this case, the preliminary injunction should or should not have been granted or continued. We know nothing of

the merits. We are asked, in effect, for an advisory opinion.

More important, however, are the events which transpired in the case after the appeal was taken. The defendant had demurred to the bill and apparently the Catholic Archbishop of Washington had been added as a defendant. The precise sequence of events has not been made known to us, but, at the hearing, there was presented by counsel for the appellees a certified copy of an order of the Circuit Court for Montgomery County entered in this cause on September 29, 1952, wherein summary judgment on the pleadings was entered for the Archbishop and the demurrer of the other defendants—appellees here—to the second amended bill of complaint was sustained, and the bill dismissed. It is apparent, then, that the question is moot, as of this moment. In the present state of facts, there is nothing on which an injunction could be predicated with or without a bond. We were told at the hearing that an appeal had been noted from the order of September 29, 1952. It may never be perfected, or if it is, the order may be affirmed. If the appeal is perfected and after argument in this Court, the order should be reversed, in all reasonable probability, a decision here would make a final determination of the rights and obligations of the respective parties which would obviate the necessity for any injunction. In the unlikely event that further proceedings should be ordered by this Court, after argument here, the opinion then could decide whether an injunction should issue under the circumstances at that time, and if so, on what terms. Section 32 of Article 5, providing that, on appeal from a final decree or order, all previous orders in the cause shall be open for revision, unless an appeal under Section 31 shall have been previously taken from such order, would not, as we see it, apply where the appeal from the previous order had not been decided but had been dismissed.

It would seem inappropriate, if indeed not entirely meaningless, for us to pass on a present abstraction on the possibility that it will in the future become concrete. As Mr. Justice Holmes said for the Court in *Barker Painting Co. v. Local 734, etc.*, 281 U. S. 462, 74 L. Ed. 967, in a suit by an employer against a union to require painters to return to work under a contract when, by the time the appeal was heard, they had so returned and substantially completed the contract:

"Both sides desired that the court should go farther afield. But a court does all that its duty compels when it confines itself to the controversy before it. It cannot be required to go into general propositions or prophetic statements of how it is likely to act upon other possible or even probable issues that have not yet arisen."

In *Public Service Comm. v. Telephone Co.*, 147 Md. 279, 128 A. 39, an injunction had been granted the Telephone Company restraining the effect of an order by the Public Service Commission which preserved existing telephone rates pending in an investigation. Judge Bond said:

"* * * It was proposed that the new rates should go into effect on January 1, 1925, and the case was heard out of place, in December, in an effort to expedite the final determination. The Court had not been able, in consultation, to arrive at an agreement on the decision, when it was informed that the Commission's investigation had been concluded and its final order passed, so that the interim order with which the court was concerned had been superseded. A copy of the final order has now been furnished to the court."

He went on to review cases in this Court dealing with moot questions, concluding, as follows:

"* * * And these are only local applications of a general rule that the court should confine

itself to the particular relief sought in the case before it, and refrain from deciding abstract, moot questions of law, which may remain after that relief has ceased to be possible."

In *Bowles v. Moller, Inc.*, 163 Md. 670, 164 A. 665, receivers were appointed for a corporation and an order passed for the sale of its assets. Stockholders petitioned to be allowed to intervene in order to contest the sale. Their petition was denied because the corporation was insolvent. The stockholders appealed to this court, but filed no bond, and the sale was held. This court said at page 684, 164 A. at page 670:

"The only effect of a reversal of the order appealed from would be to hold that the appellant had a right to intervene in a case which had been concluded and disposed of before the record of appeal had reached this court. The proceedings taken by the appellees, after the passage of the order appealed from, were in no manner stayed or delayed in this case by the taking of the appeal."

The appeal was dismissed.

In *Wingert v. Kieffer*, 29 F. 2d 59, 61 (4th Circ.) the court said that where a sale had been held after an injunction restraining it had been dissolved, "nothing which we can do by reversal or otherwise would give efficacy to the original order, or prevent that which has already occurred. It is elementary that in such circumstances, the appellate court will not entertain the appeal."

In *Washington Market Co. v. D. C.*, 137 U. S. 62, 11 S. Ct. 4, 34 L. Ed. 572, suit was brought to restrain the sale of property for a street assessment and to cancel certain tax lien certificates. Pending the appeal, the assessments and lien certificates were quashed and annulled at law by the same court from which the appeal had been taken. The appeal was dismissed. See also *Tolman Laundry v. Walker*, 171 Md. 7, 187 A. 836; *Munder v. Purcell*, 188 Md. 115 at 119, 52 A. 2d

923; *Alleghany Corp. v. Aldebaran Corp.*, 173 Md. 472 at 477-478, 196 A. 418, and *Baldwin v. C. & P. Tel. Co.*, 156 Md. 552, at 556-557, 144 A. 703.

Concern may arise that since Sections 31 and 35 give a right of appeal in the instances specified, it is improper to deny an appellant a decision on his appeal. The answer seems clear in the light of the history and purpose of these Sections. Chapter 197 of the Acts of 1832 was a predecessor in certain aspects of both Sections 31 and 35. It authorized an application to the Judges of the Court of Appeals, or one of them, when an injunction had been refused or dissolved by the county court. Only the bill and the exhibits were submitted to the Court of Appeals and then on the *original papers* which were to be transmitted by the Clerk *forthwith.* In *Steigerwald v. Winans,* 17 Md. 62, it was held that a complainant, seeking an injunction, had an absolute right to a decision below and to appeal, but if he delayed appeal until proof was taken and the merits decided, his right of appeal was gone.

In *Bell v. Purvis*, 15 Md. 22, it had been decided that where an answer denied the equity of the bill to a point which would justify dissolution of an injunction on motion to dissolve, the injunction should not be granted.

In *Barnum v. Gordon*, 28 Md. 85, an appeal from a refusal to grant an injunction was dismissed because, before the refusal, an answer had been filed.

It is said in *C. & P. Telephone Co. v. Baltimore City,* 89 Md. 689 at 707-708, 43 A. 784, 44 A. 1033, after a discussion of the cases to which we have just adverted, that, following the decision of the *Barnum* case, what is now Section 35 was amended to provide that the right of appeal should not be prejudiced by the filing of an answer or the taking of depositions. That case held that, where a preliminary injunction seeking to enjoin interference with the construction of underground conduits was refused and an appeal was taken,

the appeal was not subject to dismissal. Nevertheless, the court remanded, without either affirmance or reversal, for further proceedings on the merits.

It is to be noted that the amendment to what is now Section 35 did not go so far as to permit an appeal in the situation presented in *Steigerwald v. Winans, supra,* where the right of appeal was lost if proof was taken and the merits decided, but only did away by statute with the decision that the filing of the answer or the taking of depositions prevented an appeal.

It is to be noted further that Section 35 obviously contemplates by its provisions that the hearing of the appeal allowed by it should be had as soon as practicable on the transcript of the bill or petition. As for Section 31, the rule of this Court—Appeals From Courts of Equity, Rule 6—is that on appeals under that Section, the transcript of the record shall be made and transmitted "forthwith after the appeal prayed", and the 60 days generally permitted is not given in such cases.

The desirability, if not necessity, for speed in cases involving the granting or denial of injunctions is plain. Delay may make a right nugatory or cause irreparable harm so that the right to relief, if established on the final hearings, may be shadow and not substance. The rights of appeal given by Sections 31 and 35 are generally as to matters fundamentally interlocutory or preliminary, and which are final and appealable only because the statute says they are. The statutes say they are because in the instances involved, an early determination, as to whether a preliminary right exists or does not exist, must be made and must be made before the case is decided. This is essential lest the right, if it exists, be made worthless by the delay, or lest great harm result. Surely, it is not contemplated that generally in the orderly and effective functioning of the law that a case will be finally decided during the pendency of an appeal. The appellant, at the argument, in response to a question from the court, said that no

point had been made or objection taken to the pleadings and hearings in the case, which came after the appeal here had been noted and which resulted in a dismissal of the bill. It cannot complain then that a final decision has occurred while this appeal was pending, and that thereby this appeal has become moot. *Munder v. Purcell,* and *Bowles v. Moller, Inc.,* both *supra.*

The Court does not hold here that all appeals must be dismissed in cases where there are further proceedings after the appeal. It holds here that, since the bill of complaint on which the claim to injunction was based has been dismissed below, a decision now by this Court would operate in a vacuum and, therefore, the appeal should be dismissed.

*Appeal dismissed with costs.*