BARKER PAINTING COMPANY *v.* LOCAL NO. 734, BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA ET AL.

No. 477.  Argued May 2, 1930.—Decided May 19, 1930.

*Mr. Merritt Lane* for petitioner.

*Mr. Morris Hillquit* for respondents.

Mr. Justice Holmes delivered the opinion of the Court.

For the purposes of the present decision this case may be stated as it is stated by the Circuit Court of Appeals. "The Barker Painting Company, a corporation of New York with its home office in New York City, had a contract for painting at Somerville, New Jersey. The job was about thirty per cent completed when the defendant union called off its men by force of the offending rules which require a contractor to pay the wage rate of his home district or that of the locality of the work, whichever is higher. The Barker Company filed the bill in equity in this case stating the facts and alleging unlawfulness of the rules because violative of sundry provisions of the federal constitution and federal laws. The trial Judge issued a preliminary injunction, mandatory in character in that it restrained the workmen from observing the union rules and from not returning to work. All the men save one obeyed the injunction, returned to work and completed the job." This happened before a decision upon the merits by the District Court, April 14, 1926, 12 F. (2d) 945, and a final decree dismissing the bill, March 23, 1928. The Circuit Court of Appeals, while intimating its probable adhesion to its former decision in a similar case, *Barker Painting Co.* v. *Brotherhood of Painters, Decorators and Paperhangers of America*, 15 F. (2d) 16, in accord with the decree below, declined to deal with the merits on the ground that it had become unnecessary to deal with them and for that reason affirmed the dismissal of the bill. 34 F. (2d) 3.

Both sides desired that the Court should go farther afield. But a Court does all that its duty compels when it confines itself to the controversy before it. It cannot be required to go into general propositions or prophetic statements of how it is likely to act upon other possible

or even probable issues that have not yet arisen. See *Willing* v. *Chicago Auditorium Association,* 277 U. S. 274. The controversy here was between the plaintiff and the painters in Somerville who prevented its finishing its job. If the case had needed to be considered on its merits, it would have been likely to involve a discussion more or less far reaching of the powers of the Union, but the plaintiff could not impose a duty to go into that discussion when before the time for it the resistance had been withdrawn and the job had been done.

*Decree affirmed.*