WOODS, Housing Expediter, v. MALCOLM-DALLYN CO. et al.
No. 14008.

United States Court of Appeals
Eighth Circuit.
Nov. 3, 1949.
Rehearing Denied Dec. 12, 1949.

Hugo V. Prucha, Assistant General Counsel, Office of Housing Expediter, Washington, D. C. (Ed Dupree, General Counsel, Office of Housing Expediter, and Louise F. McCarthy, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., on the brief), for appellant.

Curtis Bush, Davenport, Iowa (A. G. Bush, Davenport, Iowa, on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODBROUGH and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This is an appeal from a judgment of dismissal in an action brought by appellant against appellees pursuant to Section 206 (b) of the Housing and Rent Act of 1947 as amended, Public Law 31, 81st Congress, 1st Session, 50 U.S.C.A.Appendix, § 1881 et seq., for an injunction restraining appellees from violating the provisions of said Act, particularly Section 209(a) thereof, and the Controlled Housing Rent Regulation issued thereunder.

Appellee Malcolm-Dallyn Company owns seven housing accommodations known as the Breezy Point Apartments in Clinton, Iowa. Appellee O. D. Collis is the manager and president of the company. The housing accommodations involved are within the Savanna-Clinton Defense-Rental Area. In December, 1948, appellees served notice on their tenants to vacate the Breezy Point housing accommodations. The ground stated in the notice was the withdrawal of the accommodations from the rental market and the tenants were advised that the housing accommodations would be sold as a cooperative.

Appellant's complaint alleged the foregoing facts and alleged that none of the tenants desired to purchase the housing accommodations as a cooperative venture; that the appellees' actions were violative of Section 209(a) of the Housing and Rent Act of 1947 as amended, for the reason that the defendants were not in good faith seeking to withdraw the accommodations from the rental market within the meaning and intent of the Act. The complaint, as has been observed, asked for a preliminary and final injunction enjoining the defendants therein named from evicting the tenants. A temporary injunction was granted.

The parties stipulated as to most of the facts. In this stipulation it is recited that, "By his paragraph 15 of his complaint as amended, the plaintiff did not mean that as a matter of fact the defendants were not in good faith seeking to withdraw the housing accommodations from the rental market."

The matter was submitted to the court for final determination and the court in its opinion stated that, "The proceeding here is to determine whether plaintiff is entitled to his permanent injunction, or, the case be dismissed on its merits."

The gist of plaintiff's contention was that the defendants were not entitled to evict their tenants unless a certificate permitting such eviction were issued by the Housing Expediter. The court expressed the view that the Act as amended did not authorize the making of any order or regulation preventing a landlord from evicting tenants when he is acting in good faith and under the provisions of Section 209 of the Act of 1947 as amended by the Act of 1948. The court accordingly found that the action of the defendants in serving notice of eviction on the ground that they intended to withdraw the property from rental accommodations was in good faith and concluded that defendants were entitled to proceed wtih their actions to evict. Judgment was thereupon entered dismissing plaintiff's complaint on the merits.

Following the entry of judgment and on June 20, 1949, notice of appeal was filed and a motion for stay pending appeal was presented to the trial court but denied. On July 21, 1949 we granted appellant's

416

motion for an order to preserve the status quo by enjoining defendants from evicting any of their tenants pending the appeal.

At the threshold of this case we are confronted with a motion to dismiss the appeal on the ground that the case has become moot. In support of the motion affidavits have been filed and presented. These affidavits show without dispute that the housing accommodations involved have with one exception, been voluntarily vacated and possession surrendered to appellees. All of the tenants, except one, had quit the property and surrendered possession to appellees prior to the granting of an injunction pendente lite. The only remaining tenant, Miss Jennie Thomsen, has made affidavit. She states the following, among other things:

"During December, 1948, I voluntarily agreed to the termination of my tenancy in said apartments at any time, and I am willing to voluntarily terminate my tenancy therein at any time.

"I expressly consent to the sale of said premises by said Malcolm-Dallyn Company.

"I further state that the action of Tighe E. Woods, the Housing Expediter, brought against Malcolm-Dallyn Company, et al., in the United States District Court for the Southern District of Iowa, Civil Action No. 335, Davenport Division, was brought without any knowledge or consent and was and is contrary to my desires, and I hereby request that the temporary injunctional order, issued by the United States Court of Appeals for the Eighth Circuit, on July 21, 1949, be forthwith dissolved, and that the aforesaid cause of action, now No. 14,008, in said Court of Appeals be dismissed."

The remedy of injunction sought in this action is preventive and looks only to the future. Hygrade Food Products Corp. v. United States, 8 Cir., 160 F.2d 816; Benson Hotel Corp. v. Woods, 8 Cir., 168 F.2d 694. An injunction if in form granted would be ineffectual and any decision we might make would not decide any actual controversies because such controversies have ceased to exist. It is not the function of appellate courts to give opinions upon moot questions or abstract propositions which cannot affect the subject matter of the action before it. Fiske v. State of Missouri, 8 Cir., 69 F.2d 683; Barker Painting Co. v. Local No. 734, 281 U.S. 462, 50 S.Ct. 356, 74 L.Ed. 967; American Book Co. v. State of Kansas ex rel. Nichols, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613; Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293. Any decision we might make would accomplish nothing. The motion to dismiss is therefore granted.