**MINNEAPOLIS & ST. L. RY. CO. v. PA-CIFIC GAMBLE ROBINSON CO.**
**(JAECHE et al., Interveners).**

**JAECHE et al. v. PACIFIC GAMBLE ROBINSON CO. et al.**

Nos. 14023, 14028.

United States Court of Appeals Eighth Circuit.

May 12, 1950.

Richard Musenbrock, Minneapolis, Minn. (C. W. Wright, John C. DeMar and William J. Powell, Minneapolis, Minn., were with him on the brief), for appellant and appellee Minneapolis & St. L. Ry. Co.

Perry R. Moore, Minneapolis, Minn. (Thomas M. Beckley and Stinchfield, Mackall, Crounse, & Moore, Minneapolis, Minn., were with him on the brief), for appellee Pacific Gamble Robinson Co.

Ira Karon, St. Paul, Minn. (William C. Green, St. Paul, Minn., Harold C. Heiss, Russell B. Day and C. E. Weisell, Cleveland, Ohio, were with him on the brief), for appellees and appellants Interveners.

Before GARDNER, Chief Judge, and WOODROUGH and RUDDICK, Circuit Judges.

GARDNER, Chief Judge.

These appeals are from an order granting a temporary mandatory injunction which by its terms commanded and directed appellant Minneapolis & St. Louis Railway Company, its officers, agents, servants, employees and all other persons in active concert or participation with them who received actual notice, "until the trial upon the merits of the main action herein or until the further order of the court, to furnish and provide refrigerator and other cars, switching services and rail transportation to plaintiff upon its request therefor, and to move any and all of said cars in and over defendant's Minneapolis switching tracks to the loading docks of the plaintiff." The order was entered in an action brought by appellee Pacific Gamble Robinson Company against Minneapolis & St. Louis Railway. Appellants in No. 14,028 did not become parties to the action or suit until some thirty days after the order now complained of had been entered and in our view of the pertinent issues it will not be necessary to make further reference to their appeal. For the purposes of this opinion we shall refer to appellee Pacific Gamble Robinson Company as plaintiff and to appellant Minneapolis & St. Louis Railway Company as defendant.

At all times pertinent to this action plaintiff was engaged in the wholesale distribution and sale of perishable fresh fruits, vegetables and groceries in Minneapolis, Minnesota, and at various other places in the several states, while the defendant was and is a common carrier engaged in transporting property between Minneapolis, Minnesota, and points in other states. The building occupied by plaintiff was owned by defendant and is located upon and immediately adjacent to its switching tracks. For many years, upon request of plaintiff, defendant has furnished refrigerator and other cars for plaintiff's use, moving them over the switching tracks to the loading and unloading places of plaintiff. Prior to the commencement of its action plaintiff made demand, both oral and written, upon defendant to switch in or return certain cars earlier removed from the switching tracks serving plaintiff's place of business and to furnish and provide other refrigerator cars for loading by plaintiff, but despite repeated demands therefor defendant failed and refused to furnish the cars requested. Plaintiff had on hand in its warehouse certain commodities of a perishable nature which were deteriorating and unless promptly removed would further deteriorate.

Based upon its verified complaint plaintiff moved for a writ of temporary mandatory injunction. The application was presented on affidavits and certain oral testimony, following which the court made findings of fact and conclusions of law and sustained plaintiff's motion and entered the order for the temporary mandatory injunction here appealed from. Subsequent to

the entry of the order granting a temporary mandatory injunction defendant moved for a stay which was denied. The appeal was perfected but no supersedeas order was secured either from the trial court or from this court and so far as appears from the record no application therefor was made either to the trial court or to this court. In this condition of the record we inquired of counsel for the respective parties whether or not (1) the temporary mandatory injunction has been complied with, and (2) if so, has the case not become moot. From the replies to the inquiry as to whether or not the temporary mandatory injunction had been complied with it appears that it was not immediately complied with but that since on or about June 20, 1949, the defendant has been performing and is now performing all services which the temporary mandatory injunction required.

When the action was brought a labor dispute existed between plaintiff and its organized truckers and warehouse employees at its Minneapolis plant and the employees were on strike. They maintained pickets about plaintiff's premises and prevented it from carrying on its business of distributing products by truck in the Minneapolis area. Plaintiff sought to have the goods transported from the strikebound area to other branch houses operated by it where no strike conditions existed. At the trial defendant contended that it could not perform the services called for because the workmen with whom the railroad had labor contracts and upon whom it depended to perform such services would not go upon the picketed premises nor incur the hazard of attempting to perform the services demanded under the then prevailing conditions. It is conceded by counsel that the labor dispute between plaintiff and its employees was settled on or about June 20, 1949, and that since that date defendant has furnished such services as requested.

■ . The mandatory provisions of the order have therefore been complied with and a reversal of the order could not be beneficial to the defendant. The action was not tried on its merits and the injunction though mandatory was simply temporary and by its terms was to continue only until the trial of the action. It was not issued to restrain nor to control a continuing wrong nor a wrong threatened to be a continuing one. The right to judicial review in Federal Courts is limited by Article 3 of the Federal Constitution to cases and controversies. To constitute a controversy there must be involved an actual controversy between adverse litigants which may be decided by a judgment which may be carried into effect as distinguished from an attempt to secure an abstract decision upon certain questions or to declare rules of law which can not affect the matter in issue. The remedy of an injunction is preventive and looks only to the future. It can not be invoked for the purpose of punishment for wrongful acts already committed. Hygrade Food Products Corp. v. United States, 8 Cir., 160 F.2d 816; Woods, Housing Expediter, v. Malcolm-Dallyn Co., 8 Cir., 177 F.2d 414. Here it appears that the conditions which gave rise to the granting of the temporary mandatory injunction have changed. There is no longer an actual controversy between the parties because the act required to be done by the temporary mandatory injunction has been done and normal conditions and relations between the parties have been restored.

■ It is suggested that the decision of the case may have some bearing upon certain contempt proceedings which are now pending involving the alleged violation of the injunctional order but as before observed the issues involved were not tried on their merits and the order here under consideration is merely a temporary one. As said by us in Benson Hotel Corporation v. Woods, 8 Cir., 168 F.2d 694, 697, "It must be borne in mind that the parties did not submit the case to the trial court on its merits. * * * The decision of the trial court on granting the motion for preliminary injunction will not estop either of the parties on the trial of the case on its merits, nor would any determination of those questions by this court on appeal be binding on the trial court nor upon either of the parties in considering and determining the merits of the controversy."

A dismissal of the appeal in this case will not give the order appealed from the effect of a final adjudication of the issues involved nor can it be pleaded as res judicata on issues involved in any subsequent litigation between the same parties based upon a different cause of action. This is because of the very nature of the order granting a temporary injunction, as pointed out by us in Benson Hotel Corp. v. Woods, supra.

In Woods v. Malcolm-Dallyn Co., supra, we dismissed the appeal and in doing so said, "An injunction if in form granted would be ineffectual and any decision we might make would not decide any actual controversies because such controversies have ceased to exist. It is not the function of appellate courts to give opinions upon moot questions or abstract propositions which cannot affect the subject matter of the action before it." [177 F.2d 416.]

In Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125, the action was brought by the Office of Price Administration for an injunction and treble damages based upon the alleged violation of maximum price regulation. Judgment was for defendant and plaintiff appealed. Subsequent to the entry of the injunctional decree the President removed defendant's commodities from all price control. By the time the matter was presented to us there was no law which would sustain the injunctional decree sought by plaintiff and we held that the case had become moot and dismissed the appeal. It is to be observed that in that case the appeal was not from an injunctional order but from a judgment of dismissal after trial on the merits.

In Selected Products Corp. v. Humphreys, 7 Cir., 86 F.2d 821, 822, Judge Lindley, speaking for the court, said,

"Courts are limited in their judicial action to real controversies, wherein the legal rights of parties are necessarily involved and can be determined and something further is sought than the mere declaration of a right, and they will not entertain an action or proceeding merely for the purpose of passing upon a moot question or abstract proposition. (Citing authorities.).

"It follows that if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, or renders a decision unnecessary, the appeal will be dismissed. * * *

"This rule has been applied, where pending the appeal or after suing out of a writ of error, appellant obeyed the commands of the decree; * * *.

"There must be an actual controversy; an appeal will not be entertained to determine moot questions, and it will be dismissed, therefore, if by act of the parties or otherwise the circumstances have so changed that it is impossible or unnecessary for the appellate court to grant relief."

■ Defendant, being the appellant, is the only party interested in prosecuting this appeal. The plaintiff, not having appealed, can only insist on sustaining the order appealed from. It is observed that counsel for defendant in answering our question as to whether or not the case has become moot, among other things says, "We believe there is precedent which would sustain this Court in deciding that the cause is not moot and entering decision on the merits. On the other hand, after studying the cases, we believe that the Court may determine that the matter is moot, knowing as we do that for some months past the M. & St. L. has been performing its service as usual to plaintiff's plants. It is our understanding that the strike of plaintiff's employees has been settled and that the disorders attending such strike at plaintiff's Minneapolis plants have ceased. We know of nothing which will prevent the M. & St. L. from continuing to perform the usual railroad service to the plaintiff. We therefore believe that this Court would be presently justified in holding that the controversy has become moot."

Being of the view that the case has become moot, the appeals will be dismissed.