**LAKE CHARLES METAL TRADES COUNCIL et al. v. NEWPORT INDUSTRIES, Inc.**

No. 13096.

United States Court of Appeals
Fifth Circuit.

May 12, 1950.

C. Paul Barker, New Orleans, La., Aubrey B. Hirsch, Baton Rouge, La., William R. Tete, Lake Charles, La., Frank M. Braine, Lake Charles, La., Joe T. Tritico, Lake Charles, La., for appellants.

Samuel Lang, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

Appealing from a preliminary injunction issued August 9, 1949, restraining them from: (1) mass picketing by assembling in compact groups so as to physically obstruct or prevent ingress to, or egress from, its property, by Newport Industries, Inc., or any of its employees, or freedom of movement along the roads in or about said property; (2) threatening by violence to intimidate or coerce employees of Newport, or those seeking employment with it; and (3) obstructing, or attempting to obstruct, the free movement of its employees in or about its premises; defendants are here insisting that the order was beyond the power, and an abuse of the discretion, of the court, and may not stand.

Appellee, moving to dismiss the appeal as moot, supports its motion by affidavits showing: (1) that the building job being done on Newport's property by the Indus-

trial Development Corporation of Louisiana, with whom, and not with Newport, the appellants, defendants below, had their dispute, was completed on December 1, 1949, that Industrial and its employees then withdrew from Newport's premises, and since that date no employee of Industrial has worked or been thereupon; (2) that peaceful picketing, which was not prohibited by the order, continued until September 6, 1949, but on that day it ceased, the pickets were withdrawn, and no picketing of any kind has been carried on since; and (3) that no criminal contempt proceedings have been filed against any of the defendants.

Insisting that, on the basis of this showing, it must be held that there is no longer any actual controversy involving real and substantial rights, and that the matters raised by the appeal are now moot, it supports this position by the citation [1] of many authorities holding that an appellate court will not decide moot questions.

Appellants present no controverting affidavits, indeed they concede the facts to be as stated in the motion. They do not dispute, they concede appellee's contention that this court will not decide moot questions on an appeal. Their insistence is that, while it is true that the building operations conducted by Industrial, which caused the picketing, the suit, and the injunction, are over, and all picketing has ceased, the questions brought up for decision by the appeal are questions of great importance, and it is the duty of this court to "instruct, advise, nay to admonish Bench and Bar" in respect of them.

Further, they urge upon us that if the appeal is dismissed, this will leave the injunction in force to interfere with and deprive appellants of their rights if they decide again to take violent and unlawful action.

Finally, they argue that the necessity for a determination of the costs prevents the controversy from becoming moot.

■ We cannot agree. If there is any proposition which is well settled in the law, it is that a federal appellate court will not do the vain thing of making a decision on questions which, as between the parties to the suit, have become academic or moot, but will reverse the judgment and direct the dismissal of the suit.[2]

■ It is equally well settled that a court will not determine questions which have become moot merely to settle upon whom the costs of appeal should fall, but it will award the costs on an equitable basis without regard to the merits of the appeal.[3]

■ The information furnished in support of the motion to dismiss the cause as moot shows that there are no contempt proceedings pending or filed as a result of the injunction, no active controversy pending in the cause, and there is nothing left for determination in it except the question of who pays the costs of appeal.

It is quite clear, therefore, that this court should not, indeed cannot, proceed to a determination of the appeal on the merits and that the judgment to be here entered is a judgment vacating the order appealed from and reversing and remanding the cause with directions to dismiss it from the docket as moot, all costs of the appeal to be taxed against the appellee.

Reversed and dismissed as moot.

1. 3 Am.Jur., "Appeal and Error" Sec. 733, 734 and 735, and Sec. 824, Moot Questions.

2. Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620 and cases cited; Barker Painting Co. v. Local No. 734, Brotherhood of Painters, Decorators, and Paperhangers, 281 U.S. 462, 50 S. Ct. 356, 74 L.Ed. 967; Robertson and Kirkham, Jurisdiction of the Supreme Court, Sec. 251, p. 439.

3. Heitmuller v. Stokes, 256 U.S. 359, 362, 41 S.Ct. 522, 65 L.Ed. 990; Brotherhood of Locomotive Engineers v. U. S., D.C. Cir., 174 F.2d 160; Robertson and Kirkham, note 2, supra, Sec. 256; Glendale Elastic Fabrics Co. v. Smith, 100 U.S. 110, 25 L.Ed. 547; In re Paper-Bag Cases, 105 U.S. 766, 26 L.Ed. 959.