**MAYHEW v. KRUG, Secretary of the Interior.**

**Civ. A. 411–48.**

United States District Court District of Columbia.

March 16, 1951.

Wheeler & Wheeler, San Francisco, Cal., for plaintiff.

Ralph Boyd and Robert M. Vaughan, Washington, D. C., for defendant.

CHARLES F. McLAUGHLIN, District Judge.

Plaintiff filed an application with the Department of the Interior in 1934 under Section 13 of the Mineral Lands Leasing Act of 1920, 41 Stat. 437, as amended, 49 Stat. 674, 30 U.S.C.A. §§ 171, 181 et seq. This act provided that any qualified applicant could obtain a permit to prospect for oil or gas upon land "wherein such deposits belong to the United States". Plaintiff's application covered a certain tract of land comprising approximately 1600 acres off the coast of the State of California, and beneath the continental shelf. The application was at that time denied on the ground that California and not the United States owned the subject tract. Since that time

plaintiff has filed petitions for appeal and rehearing in this matter, so there is no question as to exhaustion of administrative remedies.

At the time of the original application, Section 13, supra, vested discretionary power in the Secretary with regard to such application in that it merely "authorized" him to grant permits. In 1935 the statute was amended so as to change the discretionary power of the Secretary and thus not only was he to be "authorized" but also he was "directed" to grant permits when such permits had been on file for 90 days prior to the effective date of the act. Once more plaintiff petitioned the Department for a review of his application, and once more his application was denied on the ground that California and not the United States owned the subject tract.

In June 1947 the Supreme Court decided United States v. California, 332 U.S. 19, 67 S.Ct. 1658, 1662, 91 L.Ed. 1889. There the Court held that the State of California is not the owner of the three mile marginal belt along its coast, but that the Federal Government rather than the State had paramount rights in and power over that belt, an incident to which is full dominion over the resources of the soil under that water area, including oil. The case, however, left unanswered the question of the exact location of the boundary lines. As the Court stated: "We may assume that location of the exact coastal line will involve many complexities and difficulties, * * * there is no reason why, after determining in general who owns the three-mile belt here involved, the Court might not later, if necessary, have more detailed hearings in order to determine with greater definiteness particular segments of the boundary." On October 27, 1947 the Court entered its order to the effect—

"(1) The United States of America, is now, and has been at all times pertinent thereto, possessed of paramount rights in, full dominion and power over, the lands * * * the State of California has no title thereto or property interest therein.

    *     *     *     *     *     *

"(3) Jurisdiction is reserved by this Court to enter such further orders and to issue such writs as may from time to time be deemed advisable or necessary to give full force and effect to this Decree".

In 1947 the Secretary of the Interior once more denied plaintiff's application, this time on the ground that the act did not apply to "marginal lands", since such were not "public lands" as contemplated by the Statute. This suit resulted, as will be more fully set forth infra.

On June 21, 1948, as a result of a petition filed by the United States, and a counter petition by the State of California, praying that the precise boundary as to certain segments of the California coastal area be ascertained the Court stated, 334 U.S. 855, 68 S.Ct. 1517, 92 L.Ed. 1776: "The Court is in doubt at this time as to what particular segments of the boundary, if any, should now be determined.

"It is therefore of the opinion that a master should be appointed by the Chief Justice to make inquiry into this subject and to hold hearings, if he finds it necessary, in order to make recommendations to this Court * * * as to what particular portions of the boundary call for precise determination and adjudication,"

On February 12, 1949, a Special Master was appointed and his report was filed on June 27, 1949. This report recommended that certain segments of the disputed land be surveyed to establish boundaries. The tract covered by plaintiff's application is within one of these segments. Exhibit "A" introduced by the Government demonstrates that the State of California is claiming that this segment lies either within "tidelands" or within the inland sea.

On January 30, 1948 plaintiff filed an action in this court in which he sought to have the Mineral Leasing Act judicially determined to be applicable to his application on file. The case now comes before this court on a motion by the Government either for summary judgment or dismissal.

██ It would appear that the Supreme Court has ordered that the original proceeding No. 12 (Calif. v. U. S.) will remain open in order that such further orders may be entered as may be necessary ultimately to settle the entire question of who has paramount rights in and full dominion over

specific segments of the continental shelf lying off the coast of California. And not only has the proceeding been held open, but in fact the Supreme Court has received a report of the referee which recommends that the Court undertake to ascertain certain segments of that shelf. Government's Exhibit "A" indicates that the tract which is the subject of the instant controversy lies within one of the particular segments. The *res* then which is before this court is also before the Supreme Court as part of the original proceeding. Such a situation presents to this court at the outset of the determination a question of whether this court may properly act upon the controversy at the present time. And it would appear to the court that it should not; for any order of the Supreme Court which would result in determining that the subject tract does lie within either inland or tideland waters as is claimed by the State of California, would render any determination of the present question nugatory. If this court were to rule upon the applicability of the Mineral Leasing Act to plaintiff's application, it would in a sense be rendering an opinion which would be of an advisory nature in the event that the Supreme Court were to determine that the subject tract does lie within the sub-marginal lands. The Supreme Court has on occasion voiced its disapproval of such opinions. In Eccles v. Peoples Bank of Lakewood Village, 1948, 333 U.S. 426 at page 432, 68 S.Ct. 641, at page 645, 92 L. Ed. 784, the Court stated: "Courts should avoid passing on questions of public law even short of constitutionality that are not immediately pressing." And in Barker Painting Co. v. Local #734, 1930, 281 U.S. 462, at pages 463–464, 50 S.Ct. 356, at page 356, 74 L.Ed. 967, it was said: "But a Court does all that its duty compels when it confines itself to the controversy before it. It cannot be required to go into general propositions or prophetic statements of how it is likely to act upon other possible or even probable issues that have not yet arisen."

In view of the foregoing the Court at this time will not attempt to pass upon the merits of the defendant's grounds which are assigned in support of its position.

In summary it may be noted that the defendant claims:

(1) That it has never owed to the plaintiff any ministerial duty to issue a permit under the Mineral Leasing Act.

(2) That the Mineral Leasing Act does not apply to land lying beneath the marginal sea because such is not public land.

(3) That in any event the Act expired by its own terms on December 31, 1938, and

(4) That this court lacks jurisdiction because of the pending boundary dispute in the Supreme Court. The merits of such arguments must abide a determination by the Supreme Court that the land which is the subject of the present controversy lies within the marginal sea. If it is otherwise, then of course there is no question but that the State of California owns the land and the plaintiff would then have no standing to sue the present defendant.

It is, then, the conclusion of the Court that this motion is not ripe for judicial determination, but that it should be held in abeyance, with its rights preserved on the docket, until such time as the Supreme Court has acted in the boundary dispute.

Counsel for Plaintiff will prepare proper Order.