**CHILDS et al. v. BALL BROS. TRUCKING CO., Inc.**

No. 13709.

United States Court of Appeals Fifth Circuit.

Dec. 20, 1951.

Daniel W. Knowlton, Ch. Cnsl. I. C. C., Allen Crenshaw, Asst. Ch. Cnsl. I. C. C., Washington, D. C., for appellant.

T. S. Christopher, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging: that it had been tendered a shipment of 800 tons of steel for hauling from the Port of Houston to Oklahoma City; that it is ready, able, and willing to perform the contract, but that defendants are asserting that it has no right under its certificate to do so, plaintiff, on March 2, 1951, brought this suit to enjoin defendants form interfering with it in the transportation of the steel.

The district judge, on March 2nd, issued a temporary restraining order, and, on March 23rd, an order granting a temporary injunction, conditioned on plaintiff's filing a bond which, on March 26th, was filed and approved.

On March 30th, the district judge filed findings of fact and conclusions of law,[1] supporting and sustaining the order for temporary injunction, theretofore granted on March 23rd and issued on March 26th, upon plaintiff's filing bond.

Defendants, on May 28th, filed notice of appeal as follows: "Notice is hereby given that * * * defendants named in the above action hereby appeal to the United States Court of Appeals for the Fifth Circuit from the order granting temporary injunction entered under the findings of fact and conclusions of law in this action and filed March 30, 1951 * * *."

Appearing here orally and by brief to argue the appeal on its merits, they are confronted with appellee's motion to dismiss the appeal because filed too late, more than thirty and more than sixty days after March 23rd, the date of entry of the order granting the temporary injunction. In addition, appellee, by motion showing that the suit, out of which the injunction order was issued, has been dismissed by it, moves to dismiss the appeal on the further ground that the matters appellants seek to argue have been rendered moot.

Appellants, in opposition to the motion to dismiss the appeal because taken too late, insist that, though the injunction order was entered on March 23rd, and the injunction was issued on March 26th, the appeal was timely because paragraph 9 of the conclusions of law, filed March 30th, had the effect of making the injunctive order date not from March 23rd but from March 30th.

Upon the question of mootness, appellants' counsel, as did counsel for appellants in Lake Charles Metal Trades Council v. Newport Industries, 5 Cir., 181 F.2d 820, 821, concede that the matters giving rise to the suit, there the building operations, here the removal of the steel, are completely over and finished. As the counsel did in the Lake Charles case, they insist in effect, though not in the same words, that the appeal brings up questions of great importance, and that it is the duty of this court "to instruct, advise, nay to admonish bench and bar in respect of them".

We are of the clear opinion: that, if the appeal was from the March 23rd order, granting the temporary injunction, it was filed too late; and that, if it was from the filing of the findings of fact and conclusions of law, it was not from an appealable order;[2] and because this is so, the appeal should be dismissed.

If, however, we could agree with appellants that in some way, not clearly explained, the filing on March 30th, of conclusions of law and fact had the effect of postponing to that date the effective date of the March 23rd order so as to make the appeal timely, this would not avail appellants The reason that it would not is that, for the reasons set out in the Lake Charles case, supra,[3] the cause would be moot and since it has already been dismissed below, taking the interlocutory order with it,[4] our order here would be a dismissal of the cause for mootness instead of, as it was in the Lake Charles case, a reversal and remand with directions to dismiss the cause as moot.

Of the clear opinion, however, that the appeal was not timely, we order it

Dismissed.

---

1. This being the 9th Conclusion: "Motion of the United States to intervene as a party is denied, and judgment will be against all defendants, and temporary injunction is hereby granted against the defendants, Tilden L. Childs, John E. Hayden, and Clarence E. Thornall."

2. Cf. Cromelin v. Markwalter, 5 Cir., 181 F.2d 948, at page 949.

3. See also 1 C.J.S., Actions, § 17(d), p. 1017, and 4 C.J.S., Appeal and Error, § 1354 and cases cited.

4. 28 Am.Jur., "Injunctions", Sec. 314, p. 486; Sec. 320, p. 492; Canavan v. Canavan, 18 N.M. 640, 139 P. 154; 51 L.R.A.,N.S., 972.