**Leonard L. McLAIN, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72–1149**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 17, 1972.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**504**

corpus proceedings with reference to Leonard L. McLain. Our prior decision is reported, McLain v. Beto, 5 Cir., 1971, 441 F.2d 703. We there affirmed the judgment of the District Court which had granted the writ and directed that McLain be released if not retried by the State of Texas within 120 days.

The judgment of the District Court, granting the writ, was dated January 30, 1970. The appeal was decided in this Court on April 13, 1971. On October 4, 1971, the District Court entered an order granting an extension of time in which to retry McLain. He then filed a motion to compel the enforcement of the writ and for reconsideration of the order granting an extension. These motions were denied and this appeal is from that denial.

After the appeal was filed, the State of Texas did retry McLain. A jury again found him guilty of the murder of an aged woman and fixed his punishment at imprisonment for 99 years.

▮ We pretermit the question of whether the orders appealed from were purely interlocutory and not appealable, as contended by Texas, because we are of the opinion that in any event the appeal is now moot.

The order previously affirmed did not direct that McLain would thereafter be immune to prosecution for murder, a crime for which there is no statute of limitations in Texas. It did direct that he should be released from prison if not retried within 120 days. Later, the District Court granted an extension until October 18, 1971, reciting in its order "that the case had been delayed upon request of defense counsel".

The point of the matter is that McLain has now, in fact, been retried and convicted. He is now detained as a result of that conviction, not the former one. There no longer remains any controversy as to the legality of the original conviction, the subject of the prior habeas corpus proceedings.

------◆------

Ernest E. Figari, Jr., Dallas, Tex. (Court-appointed), for petitioner-appellant.

Crawford Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Robert Darden, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

For the second time we are called upon to consider the validity of habeas

For mootness, the appeal is dismissed. McLain is, of course, free to raise any valid constitutional objections to his second conviction, a matter which is not now before us.

Appeal dismissed.