# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2013

No. 12-50694
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA ADAM CONLAN, also known as Joco,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-451-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joshua Adam Conlan appeals the denial of his motion for immediate release from custody. His motion was based on his having been detained for a competency evaluation beyond the 45 days permitted under 18 U.S.C. §§ 4241(b) and 4247(b). Conlan has since been found incompetent and detained under § 4241(d) for a determination of whether treatment might restore his competency.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50694

The appeal is moot because Conlan is no longer detained under the terms of § 4247(b) but under a later, unchallenged detention order. We can no longer provide relief from the expired detention even if it were unlawful under § 4247(b). *See United States v. Montelongo*, 32 F.3d 565, 1994 WL 442366, \*1 (5th Cir. July 25, 1994) (dismissing as moot a claim that the defendant was unlawfully detained for a competency evaluation); *see also* 5TH CIR. RULE 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent.")*; McLain v. Beto*, 458 F.2d 503, 504 (5th Cir. 1972) (pretermitting the question of whether interlocutory orders were appealable because the appeal was moot). Conlan fails to show that there is a case or controversy raising issues that are "real and substantial and not merely academic or speculative." *Troy State Univ. v. Dickey*, 402 F.2d 515, 516 (5th Cir. 1968). Accordingly, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED AS MOOT. Conlan's motion to relieve present counsel and to appoint new counsel is DENIED.