# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-10872
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2016

Lyle W. Cayce
Clerk

————

In the Matter of: ALVIN GREEN,

      Debtor.

_____

ALVIN GREEN,

      Appellant.

v.

TRADITIONAL HERITAGE VILLAGE HOMEOWNERS ASSOCIATION, INCORPORATED; KINGMAN HOLDINGS, L.L.C.,

      Appellees.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-2571

————

No. 15-10872

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Rosanna Silverio owned a residence in Frisco, Texas. She was in Chapter 13 bankruptcy. Traditional Heritage Village Homeowners Association (the Association), complaining of unpaid assessment fees, sought relief from the automatic stay and permission to foreclose on Silverio's property pursuant to an assessment lien.[1] The order obtained by the Association required Silverio to make assessment payments and provided that if she did not do so, "the stay will lift in rem for the [Association], and in any subsequent bankruptcy of [Silverio] or [Alvin Green, her husband], no automatic stay for the [p]roperty shall go into effect." Silverio failed to make the payments, and a Texas state court authorized the Association to foreclose. The sale of the property was set for June 2, 2015.

Just one day before that sale, Green himself filed for bankruptcy. As Silverio's husband, Green claimed a community property interest in the property. The sale nevertheless proceeded as planned and the property was bought by Kingman Holdings LLC (Kingman). Kingman then sought relief in bankruptcy court from the automatic stay. The court granted that relief on July 20, 2015, declaring that no stay was then in effect with regard to the property and authorizing Kingman to take possession of the property as its rightful owner. Green filed a notice of appeal challenging this order.

Now in district court, Green filed a motion for stay pending appeal, arguing that his appeal of the bankruptcy court's July 20, 2015 order was likely to succeed on the merits and the remaining factors counseled in favor of a stay.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 11 U.S.C. § 362.

2

## No. 15-10872

The district court denied that motion the same day. Green then appealed the district court's denial of the motion for stay pending appeal to this court, but otherwise failed to prosecute his challenge to the bankruptcy court order in district court. The district court dismissed the appeal for failure to prosecute on October 26, 2015, providing Green twenty-one days within which to move to reinstate the appeal. Green did not do so.

In these circumstances, we must dismiss Green's interlocutory appeal. It is axiomatic that "[a] claim becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"[2] This principle applies with full force to cases in which a final judgment eliminates the controversy raised by an interlocutory appeal.[3] Here, Green's requested stay pending appeal could have no effect because the underlying appeal—Green's challenge to the bankruptcy court's determination regarding the applicability of the automatic stay—has been dismissed for want of prosecution and judgment entered. Having determined that no justiciable case or controversy remains, we DISMISS this appeal as moot.[4]

---

[2] *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008) (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003)).

[3] *See Kidd v. Thaler*, 460 F. App'x 451, 452 (5th Cir. 2012) (per curiam) (holding that interlocutory appeal of denial of an injunction was moot after underlying § 1983 action was dismissed); *Childs v. Ball Bros. Trucking Co.*, 193 F.2d 134, 135 (5th Cir. 1951) (concluding that appeal of temporary injunction was moot because the case had "already been dismissed below, taking the interlocutory order with it").

[4] In light of this disposition, we need not address the question of whether we would have jurisdiction to review this interlocutory appeal. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (holding that 28 U.S.C. § 1292 does not preclude "appellate review of interlocutory orders in bankruptcy proceedings"); *McLain v. Beto*, 458 F.2d 503, 504 (5th Cir. 1972) ("We pretermit the question of whether the orders appealed from were purely interlocutory and not appealable . . . because we are of the opinion that in any event the appeal is now moot.").