# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10187

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAYSON HOWARD MOORE, also known as Jay Mafia,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-533-1

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judge.

PER CURIAM:[*]

Jayson Howard Moore appeals the district court's commitment and competency examination order. *See* 18 U.S.C. § 4241(a), (b), (c); 18 U.S.C. § 4247(b), (c). Moore's appeal is moot. The actions required by the district court's order, which is the basis of the appeal, have been completed. Moore was determined to be incompetent to stand trial, and the district court issued a new order under § 4241(d) that committed Moore to the custody of the Attorney General for treatment. Accordingly, there is neither a live

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10187

controversy on which this court can grant relief nor any relief that this court presently can grant Moore. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *see also United States v. Conlan*, 520 F. App'x 246, 246-47 (5th Cir. 2013) (dismissing as moot an appeal based on a claim that the defendant was detained for a competency examination beyond the time permitted under §§ 4241(b) and 4247(b)); *United States v. Montelongo*, No. 94-50398, 1994 WL 442366, at *1 (5th Cir. July 25, 1994) (unpublished) (dismissing as moot a claim that the defendant was unlawfully detained for a competency evaluation); *McLain v. Beto*, 458 F.2d 503, 504 (5th Cir. 1972) (pretermitting the question of whether interlocutory orders were appealable because the appeal was moot).

Accordingly, the appeal is DISMISSED AS MOOT; counsel's motion to withdraw is DENIED AS UNNECESSARY.